**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ALMONDNET, INC., and
INTENT IQ, LLC,

               Plaintiffs,

        v.

PUBLISHER FIRST, INC.,

               Defendant.

Case No.

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST PUBLISHER FIRST, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. ("AlmondNet") and Intent IQ, LLC ("Intent IQ") (collectively, "Plaintiffs") make the following allegations against Defendant Publisher First, Inc. dba Freestar ("Defendant" or "Freestar"):

**INTRODUCTION AND PARTIES**

1.      This complaint arises from Defendant's unlawful infringement of the following United States patents, which generally relate to novel internet / network-based advertising systems and methods: United States Patent Nos. 8,677,398 (the "'398 patent") and 8,959,146 (the "'146 patent") (collectively, the "Asserted Patents"). Intent IQ owns the '398 patent and holds all enforcement rights. AlmondNet owns the '146 patent and holds all enforcement rights.

2.      AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business

1

at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ, LLC, are collectively referred herein as the "Plaintiffs."

3.     Founded in 1998, AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

4.     Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. Intent IQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

5.     On information and belief, Defendant is a Delaware corporation with a principal place of business at 20715 N. Pima Rd., Suite 108, Scottsdale, Arizona 85255. Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

<strong><u>JURISDICTION AND VENUE</u></strong>

6.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2

7.      This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware, has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell, and selling products and services that infringe the Asserted Patents.

8.      Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 8,677,398

9.      Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

10.     U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014. A true and correct copy of the '398 patent is attached as Exhibit 1.

11.     On information and belief, Defendant makes, uses, offers for sale, and/or sells the Accused Instrumentalities (the Freestar platform, including but not limited to the portion of the platform responsible for generating and storing graphs of identifiers as well as Freestar's systems that take cross-device actions) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

12.     Defendant, through the Accused Instrumentalities, performs all claim limitations of one or more method claims of the '398 patent. A claim chart comparing independent method claims 1 and 13 of the '398 patent to Defendant's infringing activity is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

13.     Through at least the filing and service of this Complaint, Defendant has had knowledge of the '398 patent and that by providing the Accused Instrumentalities (the Freestar platform) to direct infringers, Defendant knowingly and intentionally induces infringement of one or more method claims of the '398 patent in violation of 35 U.S.C. § 271(b).

14.     As shown in Exhibit 2, Defendant induces infringement of the '398 patent by causing a bid request to be sent to an infringing DSP that includes an identifier provided or derived from Freestar's identity partners. Before or during the transmission of the bid request, Freestar provides DSP advertising partners with identity information derived from the association discussed in Exhibit 2. The purpose of providing the identity information is so that the DSP's bid response will be based on electronic profile data associated with the identifier that Freestar causes the bid request to include. Despite this knowledge of the '398 patent, Defendant continues to make, use, offer for sale, sell, and and/or import the Accused Instrumentalities, and to actively encourage and instruct customers and other companies, to make, use, offer for sale, and/or sell the Accused Instrumentalities in ways that directly infringe the '398 patent. Defendant does so intending that Freestar partners and end users will commit these infringing acts.

15.     By making, using, offering for sale and/or selling into the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

16.     As a result of Defendant's infringement of the '398 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

17.     Plaintiffs are entitled to past damages for Defendant's direct and indirect infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '398 patent.

18.     Defendant's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and, specifically, enjoining further manufacture, use, sale, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,959,146

19.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

20.     U.S. Patent No. 8,959,146, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on February 17, 2015. A true and correct copy of the '146 patent is attached as Exhibit 3.

21.     Through at least the filing and service of this Complaint, Defendant has had knowledge of the '146 patent and that by providing the Accused Instrumentalities (the Freestar platform, including but not limited to the portions thereof responsible for formulating and transmitting bid requests populated with identifier information) to direct infringers, Defendant knowingly and intentionally induces infringement of one or more method claims of the '146 patent

in violation of 35 U.S.C. § 271(b). Defendant induces infringement of the '146 patent by facilitating the delivery of data (e.g., a cookie ID) to DSPs. The purpose of providing this information is so that third party DSPs can use profile information associated with that data to determine, e.g., the bid or price willing to be paid for an ad space.

22.     As shown in Exhibit 4, the DSPs use of Freestar-provided information to submit a bid response to target advertisements directly infringes the '146 patent, and thus provision of that information in a bid request induces the infringement of the '146 patent. On information and belief, Freestar intends for this targeting to occur, because it results in more bid responses at higher prices. Despite this knowledge of the '146 patent, Defendant continues to make, use, offer for sale, and/or sells the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, offer for sale, and/or sells the Accused Instrumentalities in ways that directly infringe the '146 patent. Defendant does so intending that its customers and end users will commit these infringing acts.

23.     By making, using, offering for sale, and/or selling in the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the '146 Patent pursuant to 35 U.S.C. § 271.

24.     As a result of Defendant's infringement of the '146 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

25.     Plaintiffs are entitled to past damages for Defendant's indirect infringement of the '146 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '146 patent.

26.     Defendant's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '146 patent, and, specifically, enjoining further manufacture, use, sale, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a.     A judgment in favor of Plaintiffs that Defendant has directly infringed the '398 Patent, either literally and/or under the doctrine of equivalents;

b.     A judgment in favor of Plaintiffs that Defendant have induced infringement of the Asserted Patents;

c.     A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

d.     A judgment and order requiring Defendant to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

e.     A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

f.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant; and

g.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: July 14, 2026

Of Counsel:

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
Susan Y. Tull
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
Mackenzie Paladino
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
stull@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com
mpaladino@raklaw.com

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*

8